IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCIA SHELTON : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | Civil Action Number: |
| McDONALD OIL COMPANY : | 3:15-CV-00037-TCB |
| and CHARLES ASHLEY : | |
| Defendants. : | |

**JOINT MOTION FOR REVIEW AND APPROVAL
OF SETTLEMENT AND RELEASE AGREEMENT**

Plaintiff Marcia Shelton ("Plaintiff") and Defendants McDonald Oil Company and Charles Ashley ("Defendants") move this Court to review and approve their Settlement Agreement and Release of Claims ("the Agreement"), and in support thereof show the Court as follows:

1.

Plaintiff filed her Complaint [Doc. 1] on February 28, 2015, alleging violations of the Maximum Hours Provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*.

1

2.

Based upon the understandings and assessments of each party, the Parties, acting at arms length and in good faith and with the advice of counsel, have negotiated and entered into the Agreement.

3.

Pursuant to Lynn's Food Stores, Inc. v. United States of Am., 679 F.2d 1350, 1353 (11th Cir. 1982), judicial approval is required to give effect to Plaintiff's release of her FLSA claims, which is material to the Settlement Agreement.

4.

Once the Court approves the Agreement, and payment is made, the Parties will file a Stipulation of Dismissal With Prejudice.

5.

The parties request that the Court review and approve the Agreement.

6.

Because the Parties have agreed to keep the terms of the Agreement confidential, the parties will submit a copy of the Agreement directly to chambers for the Court's consideration, along with a courtesy copy of this Motion.

7.

In determining whether the Agreement is fair and reasonable, the Court should

consider the following factors:

> (1) the existence of collusion behind the settlement;
>
> (2) the complexity, expense, and likely duration of the litigation;
>
> (3) the stage of the proceedings and the amount of discovery completed;
>
> (4) the probability of plaintiff's success on the merits;
>
> (5) the range of possible recovery; and
>
> (6) the opinions of counsel.

See *Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay,Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Edwards v. CFR Sales & Marketing*, 2011 U.S. Dist. Lexis 134705)(citing *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977)).

8.

The parties have a good faith dispute as to (1) whether Shelton was exempt from the FLSA Maximum Hours requirements and (2) the methodology to calculate due but unpaid overtime to Shelton (flexible work week half time premium versus full time and a half calculation) if she were found to be non-exempt.

9.

The amount of backpay to which Shelton will receive pursuant to the Agreement represents a compromise that is more the one hundred percent of what Shelton would receive if she were successful at trial and her due but unpaid overtime were calculated on a flexible work week basis and less than if her backpay was calculated on a full time and a half basis.

10.

Plaintiff reviewed this documentation with her counsel and elected to accept the amounts set forth in the Agreement in settlement of their claims against Defendants.

11.

After Plaintiff approved the amounts payable to her, the Parties negotiated and agreed upon the amount designated for attorneys' fees and costs.  This amount was negotiated separately and did not affect the amount paid to the Plaintiff. The agreed upon attorneys' fees and costs total approximately eighty seven percent of the amount billed by Plaintiff's counsel at rates previously approved cases by this District for Plaintiff's counsel in FLSA cases.

12.

The parties further request that the Court retain jurisdiction over this matter and incorporate the Settlement Agreement into its Order granting this Motion.

13.

Pursuant to LR 7.1, NDGa, the below signatory attorneys certify that this Motion was prepared with Times New Roman (14 point), one of the fonts and point selections approved by the Court in local LR 5.1 C, NDGa.

WHEREFORE, the Parties respectfully request that this Court review and approve their Settlement Agreement and Release of Claims.  For the Court's convenience, a proposed Order granting this Motion is attached hereto.

Respectfully submitted,

| | |
|---|---|
| DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC | PAGE SCRANTON SPROUSE TUCKER & FORD, P.C. |
| *s/ Kevin D. Fitzpatrick, Jr.* <br> Kevin D. Fitzpatrick, Jr. <br> Georgia Bar No.: 262375 <br> *s/ Charles R. Bridgers* <br> Charles R. Bridgers <br> Georgia Bar No.:  080791 | *s/ Julie E. Dorchak* <br> Julie E. Dorchak <br> Georgia Bar No. <br> *s/ James Clinton Clark, Jr.* <br> James Clinton Clark, Jr. <br> Georgia Bar No. |
| 3100 Centennial Tower <br> 101 Marietta Street <br> Atlanta, Georgia 30303 <br> (404) 979-3150 <br> kevin.fitzpatrick@dcbflegal.com <br> charlesbridgers@dcbflegal.com | Synovus Centre <br> P.O. Box 1199 <br> 1111 Bay Avenue <br> Suite 300 <br> Columbus, GA 31902-1199 <br> (706) 256-5304 <br> Jed@psstf.com <br> jcc@psstf.com |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARCIA SHELTON : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | **Civil Action Number:** |
| McDONALD OIL COMPANY : | **3:15-CV-00037-TCB** |
| and CHARLES ASHLEY : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I certify that I electronically filed the foregoing JOINT MOTION FOR REVIEW AND APPROVAL OF SETTLEMENT AND RELEASE AGREEMENT using the CM/ECF system, which will automatically indicate the date of filing and transmit e-mail notification of such filing to all attorneys of record.

*s/Kevin D. Fitzpatrick, Jr.*
Kevin D. Fitzpatrick, Jr.
Ga. Bar No. 262375